UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PAUL E. LEDERMAN,**

    Plaintiff,

v.                                              Case No. 8:13-cv-506-T-30AEP

**HOWMEDICA OSTEONICS CORP.,**
**STRYKER ORTHOPAEDICS CORP., and**
**ALAN L. VALADIE,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff Paul E. Lederman's Motion to Remand (Dkt. 17) and Defendants Alan L. Valadie and Howmedica Osteonics Corp.'s Responses in Opposition (Dkts. 20 and 21). The Court, having reviewed the motion, responses, and being otherwise advised in the premises, concludes that the motion to remand should be denied.

## BACKGROUND

This removed case is a medical device product liability action filed on January 15, 2013, in the Twelfth Judicial Circuit, in and for Manatee County, Florida. Plaintiff Paul E. Lederman alleges he sustained injuries from the implantation of a Stryker Trident artificial hip prosthesis designed, manufactured, and sold by Defendant Howmedica Osteonics Corp. ("HOC"). Plaintiff asserts claims for strict liability, negligence, breach of implied warranty, and failure to warn against HOC. Plaintiff also asserts claims for strict liability, strict

liability failure to warn, and failure to take remedial measures against Defendant Dr. Alan L. Valadie, the doctor who performed Plaintiff's hip surgery, on the basis that Dr. Valadie acted as an agent for HOC.

HOC removed this action, citing diversity jurisdiction. The notice of removal acknowledges that Dr. Valadie is a non-diverse defendant, but argues, in pertinent part, that Dr. Valadie is fraudulently joined.

This case is at issue upon Plaintiff's motion to remand. Plaintiff argues that his complaint states a valid claim against Dr. Valadie.[1]

The Court concludes that Dr. Valadie is not a properly joined defendant to this action because the claims against him fail as a matter of law. In other words, there is no possibility that Plaintiff can prove a cause of action against Dr. Valadie because strict liability claims are limited to manufacturers and others in the distribution chain. Plaintiff also has not complied with the applicable presuit screening requirements set forth in Chapter 766, Florida Statutes, and therefore cannot pursue a claim for alleged medical negligence against Dr. Valadie.

## **DISCUSSION**

A civil case filed in a state court may be removed to federal court by a defendant if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a). Federal courts have diversity jurisdiction over civil actions when the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a). Diversity

---

[1] The parties do not dispute the amount in controversy.

jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1359 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000).

When a defendant removes an action to federal court on diversity grounds, a court must remand the matter to state court if complete diversity is lacking between the parties or if any of the properly served defendants are citizens of the state in which the suit was filed. *Florence v. Crescent Res., LLC,* 484 F.3d 1293, 1297 (11th Cir. 2007). Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts. *Univ. of S. Ala. v. Am. Tobacco,* 168 F.3d 405, 411 (11th Cir. 1999).

"An action may nevertheless be removable if the joinder of the non-diverse party ... [was] fraudulent." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998). There are three situations where joinder may be fraudulent: (1) when there is no possibility the plaintiff can prove a cause of action against the non-diverse defendant, (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts, and (3) when a diverse defendant is joined with a non-diverse defendant to whom there is no joint, several, or alternative liability and where the claims against the diverse and non-diverse defendants have no real connection to each other. *Id.*

HOC's removal of this action was based on the first situation. There, removal of an action is not proper "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the [non-diverse] defendants." *Coker*

*v. Amoco Oil Co.,* 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superceded by statute on other grounds as recognized in Wilson v. Gen. Motors Corp.,* 888 F.2d 779, 782 n. 3 (11th Cir. 1989). The plaintiff need not have a winning case against any such defendant. *See Triggs,* 154 F.3d at 1287. Rather, the plaintiff need have only a possibility of stating a valid cause of action in order for the joinder to be legitimate. *See id.*

Plaintiff argues that Dr. Valadie can be held liable for strict liability as a seller or promoter of the subject product. Although this general proposition is correct for physicians under *Porter v. Rosenberg M.D., FACS,* 650 So. 2d 79 (Fla. 4th DCA 1995), the allegations and record before the Court reflect that the primary purpose of Dr. Valadie's use of the Trident hip replacement system during Plaintiff's August 30, 2004 hip replacement surgery related to the rendition of medical care and treatment by Dr. Valadie to Plaintiff.

In *Porter*, the court noted that "there are instances when a physician transfers a product to a patient via a medical procedure in which the physician may be performing a role that has some attributes similar to a retailer or other seller of a product." *Id.* at 82. The court stressed that the sales or distribution aspect of the particular transaction between the healthcare provider and the patient must predominate over the services aspect. *Id.* at 83. "If that transaction is based upon the use of the healthcare provider's medical judgment, skill, or expertise, then it is within the realm of medical negligence." *Torrence v. Pfizer, Inc.*, 2007 WL 788368, at *3 (M.D. Fla. Mar. 14, 2007) (discussing *Porter*). "An injured person would be impermissibly circumventing the requirements and restrictions of the medical malpractice statute by selectively claiming that the physician was only acting in his role as a distributor

of a product when in fact the distribution was incidental to the provision of medical services." *Porter*, 650 So. 2d at 82.

Plaintiff's allegations against Dr. Valadie make it clear that their relationship related predominantly to the rendering of medical care. Therefore, any claims against Dr. Valadie must arise under medical negligence; otherwise, Plaintiff would be impermissibly circumventing the requirements and restrictions of the medical malpractice statute.

Plaintiff's contentions that Dr. Valadie selected the Trident hip prosthesis without informing Plaintiff of the availability of any alternatives prior to the August 30, 2004 hip replacement surgery lend further credence to the fact that Dr. Valadie exercised his medical knowledge, skill, and judgment in selecting the appropriate device to utilize during the surgery. Moreover, Dr. Valadie's responses to Plaintiff's request for admissions demonstrate that Dr. Valadie never provided consultant services with respect to the Trident hip components at issue in this case, never received honoraria with respect to the Trident hip components at issue in this case, never received monetary payment with respect to the Trident hip components at issue in this case, and was never paid for travel, lodgings, or meals with respect to the Trident hip components at issue in this case.

Notably, all product liability theories require a defendant to be in the business of selling or distributing "the product in question" through the stream of commerce. *See Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 997 (11th Cir. 1992). Accordingly, Plaintiff does not have a possibility of stating a valid cause of action against Dr. Valadie for strict liability related to Plaintiff's Trident hip component.

As the court in *Porter* noted, the appropriate action against a healthcare provider related to the rendering of medical care should arise under medical negligence. Here, however, the complaint does not allege that Plaintiff satisfied the presuit requirements of Chapter 766. Consequently, there is no possibility that Plaintiff could prove a cause of action against Dr. Valadie for negligence.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff Paul E. Lederman's Motion to Remand (Dkt. 17) is denied.

2. The claims against Defendant Dr. Alan L. Valadie are dismissed without prejudice and the Clerk of Court is directed to terminate Defendant Dr. Alan L. Valadie from this case.

3. Defendant Dr. Alan L. Valadie's Motion to Dismiss (Dkt. 8) is denied as moot.

4. Plaintiff shall file a response to HOC's Motion to Dismiss (Dkt. 12) on or before April 22, 2013.

**DONE** and **ORDERED** in Tampa, Florida on April 10, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-506.remand17.frm